CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 28 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| OSCAR ROBLES,<br>Plaintiff, | Civil Action No. 7:14-cv-00070 |
| v. | MEMORANDUM OPINION |
| LT. STURDINVANT, et al.,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Oscar Robles, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants Mr. Whitley, the Superintendent of the Northwestern Adult Detention Center ("Jail"); Captain Wederbaum, and Lt. Sturdinvant. Plaintiff alleges that Defendants transferred Plaintiff to the custody of the Virginia Department of Corrections ("VDOC") after Plaintiff filed grievances about his removal from the Jail's work release program.

However, inmates have no independent constitutional right to a prison job, and as such, prison officials may generally terminate an inmate from a particular prison job for any reason without offending federal due process principles. See, e.g., Altizer v. Paderick, 569 F.2d 812 (4th Cir. 1978) (work assignments are generally within the discretion of the prison administrator); Alley v. Angelone, 962 F. Supp. 827, 834 (E.D. Va. 1997) (prisoner did not have a protected interest in continued employment); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50-51 (5th Cir. 1995) (same); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program). Plaintiff's ineligibility to participate in work release clearly does not depart from the expected conditions of confinement. See, e.g., Sandin v. Conner, 515 U.S. 472 (1995); Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Plaintiff also does not have a federal right to use the Jail's

grievance procedures, and consequently, he cannot succeed on a claim about a retaliatory transfer for filing grievances. See, e.g., Adams v. Rice, 40 F.3d 72, 74-75 (4th Cir. 1994); Am. Civil Liberties Union v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir. 1993). Accordingly, I dismiss the action without prejudice for failing to state a claim upon which relief may be granted.

**ENTER**: This 27th day of March, 2014.

Jackson L. Kiser
Senior United States District Judge